[Cite as *Craft v. Madison Corr. Inst.*, 2011-Ohio-6958.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS E. CRAFT

Plaintiff

v.

MADISON CORRECTIONAL INSTITUTION

Defendant

Case No. 2011-07109-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶1} On February 25, 2011, plaintiff, Thomas Craft, an inmate incarcerated at defendant, Madison Correctional Institution (MaCI), was transferred from the general population to a segregation unit. Plaintiff alleged that before he was taken from his housing unit, he witnessed two unidentified inmates lock the door to his cell. After he was released from segregation, plaintiff realized that several of his property items were stolen. Plaintiff related the stolen property included: one pair Nike shoes, three athletic shirts, four pair of underwear, two t-shirts, two pair of crew socks, two pair of deluxe Quater socks, toe nail clippers, Muslim oil, one baseball jersey, a clipper guard, a blue muscle shirt, one toothpaste, one pair of boot strings, two "Penthouse" magazines, two towels, two wash cloths and five personal letters. Plaintiff also contended that "a few months before" a corrections officer confiscated a lamp, a pair of AA batteries, and plaintiff's CD player which had been located in another inmate's cell. Plaintiff maintained that the confiscated property was lost or destroyed and that defendant failed to follow the relevant administrative rules which allow him to mail the confiscated property home.

{¶2} Plaintiff implied his property was stolen as a proximate result of

negligence on the part of MaCI staff in failing to adequately protect the property from theft attempts. Plaintiff filed this complaint seeking to recover $283.54, the stated replacement cost of his alleged stolen property and reimbursement of the filing fee. The $25.00 filing fee was paid.

{¶3} Defendant denied liability in this matter contending plaintiff failed to offer any evidence to prove his property was stolen as a proximate result of any negligent conduct on the part of defendant. Defendant stated that at the time he was placed in segregation, plaintiff already possessed the "maximum number of some of the items for which he now seeks compensation." Defendant denied exercising control over any of the "remaining items of property identified in Plaintiff's complaint." Defendant argued no evidence has been offered to establish plaintiff suffered property loss as a result of any act attributable to MaCI personnel. Defendant advised MaCI staff searched for plaintiff's property but did "not locate the property or any evidence of theft."

{¶4} Defendant submitted a report from the institutional inspector, Jondrea Parrish, who explained that after plaintiff was removed from the unit, a "property inventory record was completed and demonstrates the inmate had the maximum number of socks, undershirts, and underwear allowed (7 each). Additionally, the inmate is permitted 1 pair of gym shoes and a pair of New Balance was indicated on the property record. Inmate Craft signed the property inventory record on 3/11/11, indicating all his personal property listed had been returned to him and he was offered an opportunity to inspect it before leaving the vault."

{¶5} In addition, Parrish noted that "[t]here is no mention of towels, wash cloths, CD player, lamp, batteries, letters, socks, underwear, baseball jersey, or muscle shirt in the theft/loss reports he filed with MaCI staff." Parrish concluded that plaintiff "has demonstrated inconsistency in his report of what items were allegedly lost or stolen."

{¶6} Plaintiff filed a response wherein he reiterated that his cell door had been closed by other inmates. In addition, plaintiff insisted that the vault officer would not allow him to inspect his property prior to signing the inventory sheet. Plaintiff submitted copies of property inventory records dated October 25, 2010, and February 22, 2011, and receipts from a vendor dated November 30, 2010. Plaintiff maintained that such records verified that he was in possession of the alleged missing items at the time he

was transferred from his housing unit.

CONCLUSIONS OF LAW

{¶7} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶8} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶9} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶10} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶11} Plaintiff's failure to prove delivery of the claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶12} Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.,* Ct. of Cl. No. 2002-05751, 2005-Ohio-4455, obj overruled, 2005-Ohio-5068.

{¶13} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003 Ohio 2573,¶ 8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶14} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003 Ohio 5333, ¶ 41, citing *Miller v.*

*Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521;

{¶15} The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty or ordinary or reasonable care. *Williams.*

{¶16} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility (*1978), 78-0217-AD.

{¶17} The fact defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶18} Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶19} However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. In the instant case, the claimed stolen property was indistinguishable and, therefore, no duty to search arose. *Wallace v. Grafton Corr. Inst.*, Ct. of Cl. No. 2009-01743, 2009-Ohio-5741.

{¶20} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

{¶21} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive in reference to the alleged confiscation of a lamp, batteries, and a CD player, and plaintiff's allegations regarding the theft of his property

after he was placed in segregation also lack credibility.

{¶22} Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS R. CRAFT

     Plaintiff

     v.

MADISON CORRECTIONAL INSTITUTION

     Defendant

Case No. 2011-07109-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


                                    _____
                                    DANIEL R. BORCHERT
                                    Deputy Clerk

Entry cc:

Thomas R. Craft, #A468-182          Gregory C. Trout, Chief Counsel
P.O. Box 740                        Department of Rehabilitation
London, Ohio  43140               and Correction
                                   770 West Broad Street
                                   Columbus, Ohio  43222

9/6
Filed 9/13/11
Sent to S.C. reporter 1/27/12